United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. SPECIALTY PRODUCE CO., INC., | No. C-09-2541 PJH (EMC) |
| Plaintiff, | |
| v. | **ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE** |
| ASQEW GRILL, INC., *et al.*, | **(Docket No. 17)** |
| Defendants. _____/ | |

Plaintiff has filed a motion for default judgment which has been referred to the undersigned for a report and recommendation. Having reviewed Plaintiff's motion and accompanying submissions, the Court hereby orders that supplemental briefing and/or evidence be provided as discussed below.

1.   Service of Process

In deciding whether to grant or deny a default judgment, a court must first "assess the adequacy of the service of process on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served pursuant to the law of the state where the district court is located or where service is made -- which, in the instant case, is California. *See* Fed. R. Civ. Pro. 4(e)(1). Under California law, where "the summons and complaint cannot with reasonable diligence be personally delivered," service of process may be effected by means substituted service. Cal. Code Civ. Proc. § 415.20(b). More specifically, an individual may be served "by leaving a copy . . . at the person's . . . usual place

of business . . . in the presence of . . . a person apparently in charge . . . [who is] at least 18 years of age [and] who shall be informed of the contents thereof" and "thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." *Id.*

In the instant case, Plaintiff claims that the two individual defendants, Mike O'Keefe and Mark Nicandri, were both served by substituted service at their office or usual place of business, *i.e.*, at the Asqew Grill (the corporate defendant). *See* Docket Nos. 9-10 (proofs of service). In its complaint, Plaintiff alleges that the individual defendants were officers, directors, shareholders, or members of the corporate defendant. *See* Compl. ¶ 7. Plaintiff shall provide evidence to establish that, *at the time of service*, the Asqew Grill was in fact the office or usual place of business for the individual defendants.

2.  Individual Liability

Plaintiff initiated this lawsuit against both the corporate defendant and the individual defendants based on a series of transactions that took place between April and August 2008. Plaintiff alleges that, during that timeframe, it sold and shipped to the corporate defendant perishable agricultural commodities for which it agreed to pay a sum of $16,955.10. *See* Compl. ¶ 13. Plaintiff also alleges that the corporate defendant failed to pay any of the monies owed, in spite of its repeated demands.[1]  *See* Compl. ¶ 15.

With respect to the individual defendants, Plaintiff has asserted claims for, *inter alia*, violations of the Perishable Agricultural Commodities Act ("PACA") and enforcement of trust provisions under PACA. *See* 7 U.S.C. § 499 *et seq.* Under PACA,

> [p]erishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions . . . shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

---

[1] In its complaint, Plaintiff actually alleges that it sold and shipped the goods to Defendants and that Defendants failed to pay any of the monies owed. However, it appears that the contractual agreement was between Plaintiff and the corporate defendant only and that Plaintiff seeks to hold the individual defendants liable as, in essence, "control persons" for the corporate defendant.

2

7 U.S.C. § 499e(c)(2). The Ninth Circuit has acknowledged that "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997); *see also Shepard v. K.B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 706 (E.D. Pa. 1994) (noting that, "[i]f the seller's assets are insufficient to satisfy the liability, others may be held secondarily liable *if they had some role in causing* the corporate trustee to commit the breach of trust.") (emphasis added); *Weis-Buy Servs. v. Paglia*, 307 F. Supp. 2d 682 (E.D. Pa. 1994) (finding that individual defendant was controlling person in a position to control assets of trust where (1) defendant was part owner and officer of corporation and (2) defendant was authorized signatory on corporation's bank accounts and created a signature stamp to be used on corporation's checks without objection).

According to Plaintiff, the individual defendants are liable pursuant to PACA because, as officers, shareholder, directors, or members of the corporate defendant, they either controlled or were in a position to control the PACA trust assets. *See* Compl. ¶¶ 7-8; *see also* Compl. ¶¶ 30-31. Although, as a general rule, a court accepts all well-pleaded allegations in a complaint as true upon entry of a default, *see TeleVideo System, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987), a court also has the authority, under Federal Rule of Civil Procedure 55(b)(2), to conduct a hearing to "establish the truth of any allegation by evidence" or "investigate any other matter." Fed. R. Civ. P. 55(b)(2)(C)-(D). Accordingly, the Court orders Plaintiff to provide evidence and/or cite authority supporting its contention that the individual defendants were "control persons" for the corporate defendant with respect to the PACA trust assets. To the extent Plaintiff has argued or will argue that the job title of a person is, in and of itself, sufficient to establish control, then it should cite legal authority to support that contention and provide evidence of the actual job titles of the individual defendants.

///
///
///
///

The supplemental briefing and/or evidence shall be filed with the Court, and served on Defendants, within one week of the date of this order. In addition, Plaintiff shall serve a copy of this order on Defendants within three days of the date of this order.

IT IS SO ORDERED.

Dated: February 12, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge